# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FAYE ZHENXING** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 08-2228 (RJL)** |
| | ) | |
| **THE GOVERNMENT OF** | ) | |
| **THE PEOPLE'S REPUBLIC** | ) | |
| **OF CHINA** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## MEMORANDUM OPINION
(January *12*, 2010)

This matter comes before the court on consideration of plaintiff's *pro se* Complaint and her premature[1] Motion for Default Judgment [# 3]. Because plaintiff has failed to meet the minimum requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court will DISMISS the Complaint without prejudice.

Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987). Rule 8 of

---

[1] The Motion for Default Judgment is premature because plaintiff never sought entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In any event, it is now DISMISSED as moot based on the Court's dismissal of plaintiff's Complaint.

1

the Federal Rules of Civil Procedure states the minimum requirements for complaints.

Fed.R.Civ.P. 8(a). Rule 8(a) requires that a complaint contain a short and plain statement

of the grounds upon which federal jurisdiction rests, a short and plain statement showing

that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. The

minimum requirements Rule 8 imposes are designed to provide a court with sufficient

information to determine whether it has jurisdiction over the claims, and to provide

defendants with sufficient notice of the claims being asserted in order to allow defendants

to prepare a responsive answer and an adequate defense, and to determine whether the

doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C.1977).

Plaintiff's Complaint falls far short of Rule 8(a)'s requirements.  First, plaintiff has

failed to state the grounds upon which federal jurisdiction rests.  Construing plaintiff's

Complaint liberally, it appears she is attempting to sue China under 18 U.S.C. § 2333(a),

a provision of the Antiterrorism Act which creates a private cause of action for victims of

international terrorism.  This Court, however, plainly cannot entertain such suits against

foreign states like the Government of the People's Republic of China.  18 U.S.C. §

2337(2); *see also Lawton v. Republic of Iraq*, 581 F. Supp. 2d 43, 46 (D.D.C. 2008)

(finding that Section 2337 barred an Antiterrorism Act suit brought against the Republic

of Iraq).  To the extent plaintiff has attempted to state other causes of action, her

complaint is so vague and confusing that it utterly fails to "give the defendant fair notice

of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*,

355 U.S. 41, 47-48 (1957).

For these reasons, the complaint will be dismissed without prejudice for failure to comply with Rule 8(a). An Order consistent with this Memorandum Opinion is issued separately.


RICHARD J. LEON
United States District Judge

3